

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| REGINA HENDERSON,<br>Employee, | ) | Docket No. 2016-08-1035 |
| v. | ) | |
| THE EGGO COMPANY,<br>Employer, | ) | State File No. 31274-2015 |
| And | ) | |
| CORVEL INSURANCE CO.,<br>Carrier. | ) | Judge Deana Seymour |

## COMPENSATION HEARING ORDER

Regina Henderson claimed a back and coccyx (tailbone) injury at Eggo and requested medical and temporary and permanent disability benefits. Eggo contended the injury did not cause Ms. Henderson any permanent disability. The Court conducted a Compensation Hearing on May 2, 2018, and holds Ms. Henderson is entitled to additional temporary disability and medical benefits for her lumbar strain and tailbone contusion, but no permanent disability benefits.

### History of Claim

Ms. Henderson injured her back and tailbone when she slipped and fell down stairs on April 16, 2015. Eggo provided her a panel of physicians and she chose Dr. James Varner, a board certified orthopedic surgeon.

Ms. Henderson saw Dr. Varner six times from May to July 2015. She reported low back and buttock pain after "she fell on her backside or buttocks and bumped down five stairs . . . ." Dr. Varner found no sensory or motor deficits or radiculopathy and diagnosed Ms. Henderson with a lumbar strain and tailbone contusion. He placed her on light duty and ordered MRI scans of her low back, sacrum, and tailbone, which showed degenerative changes and a disk bulge in her low back. After determining Ms. Henderson did not have nerve impingement, Dr. Varner returned her to full duty and treated her conservatively with medication and physical therapy. She improved until July 22 when

1

she complained of urological symptoms and increased pain from lifting totes at work. Dr. Varner again restricted her work activities and ordered a lumbar block that proved helpful. Dr. Varner testified that the lumbar strain and tailbone contusion resulted from the work-related incident. He did not anticipate permanent impairment.

Ms. Henderson requested another doctor and Eggo offered a second panel. She chose Dr. Samuel Murrell, another board-certified orthopedic surgeon, whom she saw on August 3. Ms. Henderson complained of low back and tailbone pain but no radicular symptoms. Dr. Murrell did not find signs of trauma or radiculopathy. He interpreted Ms. Henderson's MRI report as showing mild lumbar degenerative disc disease. Dr. Murrell restricted her to no lifting over twenty-five pounds and ordered an updated MRI.

That MRI revealed degenerative disc disease at the lowest level of her spine and a central disc bulge with no compression of the nerve root. Dr. Murrell could not relate either the degenerative disc disease or any aggravation of it to Ms. Henderson's work because she had no nerve compression to support her complaints, and because he had no pre-injury MRI for comparison. He agreed Ms. Henderson's symptoms were consistent with her fall and agreed with Dr. Varner that she did not need surgery. He referred Ms. Henderson to Dr. David Dowling for additional bilateral lumbar blocks. However, because Dr. Murrell did not primarily relate Ms. Henderson's MRI findings to her employment, Eggo denied her request for additional lumbar blocks. Dr. Murrell placed Ms. Henderson at maximum medical improvement (MMI) on September 16 for her lumbar contusion condition but not for her degenerative disc disease.

In April 2016, Ms. Henderson treated on her own for low back and bilateral leg pain with orthopedic surgeon Dr. Jeffrey Dlabach.[1] Dr. Dlabach diagnosed Ms. Henderson with low back pain and lumbar disc degeneration with radiculopathy. He referred her to Dr. Alan Kraus who saw her four times and administered two lumbar blocks. Dr. Kraus concluded Ms. Henderson's injury arose primarily out of and in the course and scope of employment, contributing more than fifty percent to the need for medical treatment.

In June 2017, Ms. Henderson saw Dr. Samuel Chung for an independent medical evaluation at her attorney's request. He assigned twelve-percent permanent impairment under the AMA Guidelines. Dr. Chung believed Ms. Henderson's fall aggravated her pre-existing degenerative disc disease and brought on clinical symptoms of left lumbar radiculopathy. He conceded her radicular complaints did not start immediately after her fall and admitted he could not say when they actually began. Dr. Chung said he did not review the actual MRI films but noted the MRI reports did not indicate nerve compression. He testified Ms. Henderson's fall contributed more than fifty percent to her disablement or need for medical treatment, and he believed she needed future medical

---

[1] Dr. Dlabach provided ongoing treatment for Ms. Henderson's unrelated right knee symptoms.

treatment, including medication, nerve blocks, and therapy.

At the hearing, Ms. Henderson testified she continued to experience back spasms and pain in her back, tailbone, and legs. She often needed assistance from her co-workers to complete her job duties. Ms. Henderson explained her constant pain affected her sleep, her marriage, and her ability to perform household chores and participate in family activities. She takes over-the-counter medication for pain. Ms. Henderson testified that she had no back problems before the fall and that she suffered no new injuries after the fall. She asked Eggo for additional treatment before seeing Dr. Dlabach, but Eggo denied her request.

The parties stipulated Eggo paid Ms. Henderson temporary partial disability (TPD) benefits totaling $2,448.09 from April 16 to August 13, 2015, and temporary total disability (TTD) benefits from August 14 to September 17, 2015 totaling $4,065.00. Ms. Henderson claimed an underpayment of TTD. The parties further agreed to a weekly compensation rate of $813.00. The parties also agreed Ms. Henderson returned to work for Eggo at the same or greater wage as she earned prior to her injury.

Ms. Henderson requested additional temporary disability benefits due to the underpayment, and payment of Dr. Dlabach's bill of $1,744.00 and Dr. Kraus's bill of $3,472.00.[2] She also requested permanent partial disability benefits equal to Dr. Chung's twelve-percent impairment rating. Eggo maintained its position that Ms. Henderson did not sustain a compensable aggravation of her underlying degenerative disc disease.

### Findings of Fact and Conclusions of Law

*Standard Applied*

Ms. Henderson must establish all elements of her claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2017).

*Causation*

Ms. Henderson must establish a permanent injury arising primarily out of and in the course and scope of her employment with Eggo. "An injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14). This contribution must be established to a reasonable degree of medical certainty, meaning, in the opinion of the treating physician, it is more likely than not, considering

---

[2] The parties stipulated to the amount of Dr. Dlabach and Dr. Kraus' medical bills but Eggo did not agree that Ms. Henderson was entitled to payment.

all causes. *Id.* at (14)(D).

An aggravation of a pre-existing condition is a compensable injury "if it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment." *Miller v. Lowe's Home Centers, Inc.,* 2015 TN Wrk. Comp. App. Bd. LEXIS 40, at *12 (Oct. 21, 2015), citing Tenn. Code Ann. § 50-6-102(14)(A). Moreover, Tennessee courts have long held that an increase in pain alone is not a compensable aggravation. *Berdnik v. Fairfield Glade Community Club, et. al.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *8-9 (May 18, 2017). "[H]owever, if the work injury advances the severity of the pre-existing condition, or if, as a result of the pre-existing condition, the employee suffers a new, distinct injury other than increased pain, then the work injury is compensable." *Bradshaw v. Jewell Mechanical, LLC,* 2015 TN Wrk. Comp. App. Bd. LEXIS 16, at *13-17 (June 4, 2015). Finally, "an aggravation need not be permanent for an injured worker to qualify for medical treatment reasonably necessitated by the aggravation." *Miller,* at *18.

Here, Ms. Henderson established that she fell at work. Drs. Varner and Murrell agreed Ms. Henderson complained of pain in her low back from the fall. Further, both doctors testified they treated Ms. Henderson for a lumbar strain and tailbone contusion resulting from the fall. Thus, the Court holds Ms. Henderson is entitled to temporary disability benefits and medical treatment necessitated by her fall.

Because Eggo ceased benefit payments as of September 17, the Court must determine whether Ms. Henderson is entitled to additional benefits after that date. The medical expert opinions differ regarding causation of her pain from degenerative lumbar disease. In such situations, the Appeals Board reiterated that Tennessee law has long held, "A trial court generally has the discretion to choose which expert to accredit when there is a conflict of expert opinions." *Brees v. Escape Day Spa & Salon,* 2015 TN Wrk. Comp. App. Bd. LEXIS 5, at *14 (Mar. 12, 2015). In making its choice, this Court may consider, among other things, "the qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information through other experts." *Id.* When one of those experts is an authorized treating physician, that expert's opinion on the issue of causation is afforded a presumption of correctness. Tenn. Code Ann. § 50-6-102(14)(E).

Applying these factors, the Court finds that Dr. Varner, Dr. Murrell, and Dr. Dlabach are board-certified orthopedic surgeons. Dr. Kraus and Dr. Chung are not. Dr. Varner and Dr. Murrell were authorized treating physicians whose opinions are entitled to a presumption of correctness. Drs. Dlabach, Kraus, and Chung were not authorized treating physicians.

Dr. Varner treated Ms. Henderson six times from May to July 2015. He reviewed an MRI of her low back. Dr. Murrell treated Ms. Henderson from August to September

4

2015. He also reviewed an MRI and ordered an updated MRI. Neither Dr. Varner nor Dr. Murrell diagnosed anything but a back strain and sacral contusion. After reviewing the MRI scans, they concluded Ms. Henderson did not have signs of nerve compression, radiculopathy, weakness, or sensory loss. Neither anticipated permanent impairment.

Over a year after her fall, Ms. Henderson saw Dr. Dlabach who diagnosed low back pain and lumbar disc degeneration with radiculopathy. He referred Ms. Henderson to Dr. Kraus, who indicated Ms. Henderson's injury contributed more than fifty percent in causing the need for medical treatment.

Dr. Chung saw Ms. Henderson on one occasion for an IME. He testified Ms. Henderson's fall aggravated her pre-existing degenerative disc disease and brought on clinical symptoms of left lumbar radiculopathy. Dr. Chung testified the fall contributed more than fifty percent to Ms. Henderson's disablement or need for medical treatment. However, Dr. Chung admitted Ms. Henderson's radicular complaints did not begin immediately after her fall, and he could not tell when they began. Dr. Chung did not review the MRI lumbar film nor did he find a herniated disc. The MRI report Dr. Chung reviewed did not show nerve compression. He agreed with Drs. Varner and Murrell that Ms. Henderson did not need surgery.

Considering each of these opinions, the Court holds Dr. Chung's opinion is insufficient to overcome the presumption of correctness afforded to Drs. Varner and Murrell's opinions by a preponderance of the evidence. Thus, Ms. Henderson failed to establish by a preponderance of the evidence that she sustained a permanent injury arising primarily out of and in the course and scope of her employment or that she sustained a compensable aggravation of a pre-existing condition.

*Underpayment of Temporary Disability Benefits*

The parties agreed Ms. Henderson received five weeks of TTD benefits, or $3,634.00, from August 14 to September 17, 2015. They further agreed to a weekly compensation rate of $813.00. The total TTD for that period equals $4,065.00 and the Court holds Ms. Henderson was underpaid $431.00 in TTD benefits. (5 weeks x $813.00=$4,065.00 - $3,634.00=$431.00).

Ms. Henderson did not introduce any evidence regarding the amount of TPD benefits and the Court will not disturb the parties' stipulation as to the amount Eggo paid for TPD.

## Alternative Findings

Solely in the event that an appellate body finds error in the compensability holding, the Court makes the following alternative findings for the sake of judicial economy. *See Cunningham v. Shelton Sec. Serv.,* 46 S.W.3d 131, 137-138 (Tenn. 2001), ("the trial court should . . . hear the entire case and make appropriate findings of fact and alternative findings when necessary, for appellate review.")

In the alternative, if Dr. Chung's opinion overcame the presumption of correctness afforded Drs. Varner and Murrell, the Court finds that Ms. Henderson sustained a permanent, compensable injury when she fell at work on April 16, 2015. The Court further finds she reached maximum medical improvement on June 14, 2017, and Dr. Chung assigned a permanent medical impairment equal to twelve percent to the whole person, which entitles her to a permanent partial disability award of $43,902.00. The Court would order Eggo to pay the accrued portion in a lump sum with the remaining balance paid at $813.00 per week until the expiration of the initial compensation period on June 26, 2019.

Further, the medical bills of Dr. Dlabach, totaling $1,744.00, and of Dr. Kraus, totaling $3,471.00, would be reasonable and necessary, and paid by Eggo. Ms. Henderson would also be entitled to future medical benefits with Dr. Murrell as her authorized treating physician pursuant to Tennessee Code Annotated section 50-6-204.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Ms. Henderson sustained a compensable injury resulting in permanent disability.

2. The Court further denies payment of unauthorized medical treatment, including the medical bills of Dr. Dlabach, totaling $1,744.00, and of Dr. Kraus, totaling $3,471.00.

3. Eggo shall provide reasonable and necessary treatment with Dr. Murrell related to Ms. Henderson's lumbar strain and tailbone contusion.

4. Eggo shall pay Ms. Henderson $431.00 for the underpayment of TTD benefits. The Court denies Ms. Henderson's request for additional TPD.

5. Eggo shall pay the $150.00 filing fee under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (November, 2016).

6. Eggo shall file an SD-2 within ten business days of entry of this order.

**ENTERED June 1, 2018.**

JUDGE DEANA C. SEYMOUR
Court of Workers' Compensation Claims

## APPENDIX

Exhibits:
1) Medical Records and Bills from OrthoOne Sports Medicine (Dr. Jeffrey Dlabach)
2) Medical Records and Bills from Memphis Interventional Pain (Dr. Alan Kraus)
3) Deposition transcript of Dr. Samuel Chung
4) Medical Records from Baptist Memorial Hospital - Collierville
5) Deposition transcript of Dr. James Varner
6) Deposition transcript of Dr. Samuel Murrell
7) Form C-41 Wage Statement
8) Deposition transcript of Regina Henderson

Technical Record:
1) Petition for Benefit Determination
2) Dispute Certification Notice
3) Request for Initial Hearing
4) Scheduling Hearing Order
5) Amended Scheduling Hearing Order
6) Transfer Order
7) Consent Order Substituting Named Defendant
8) Employee's Disclosure of Expert Witnesses
9) Notice of Bankruptcy
10) Notice of United States Bankruptcy Court Order Granting Debtor's Application to Employ Attorney for Special Purposes
11) Amended Scheduling Order
12) Dispute Certification Notice
13) Pre-Compensation Hearing Statement
14) Notice of Filing of Employer's Proposed Trial Exhibit IV and Request to Supplement Pre-Compensation Hearing Statement
15) Supplemental Pre-Compensation Hearing Statement

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on June 1, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Shannon Toon, Employee's Attorney | | | X | stoon@taylortoon.com |
| Charles Patrick Employer's Attorney | | | X | charlie.patrick@leitnerfirm.com |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov

8